**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| FRANCISCO VELAZQUEZ, and all others similarly situated under 29 U.S.C. § 216(b), | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:15-cv-03170-M |
| EL POLLO REGIO IP, LLC, EL POLLO REGIO MANAGEMENT, LLC, EL POLLO REGIO, INC., DISTRIBUIDORA EL REGIO, INC., RICARDO CAMARENA, and JUAN J. BAZALDUA, | § § § § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Partial Motion to Dismiss and/or Alternatively, Motion for More Definite Statement [Docket Entry #11]. For the reasons set forth below, Defendants' Partial Motion to Dismiss is **DENIED**, and Defendants' alternative Motion for More Definite Statement is **DENIED**.

**I.     BACKGROUND**

Plaintiff Francisco Velazquez filed this putative collective action seeking to recover unpaid minimum wages and overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*[1] Defendants are El Pollo Regio IP, LLC ("EPR IP"), El Pollo Regio Management, LLC ("EPR Mgt."), El Pollo Regio, Inc. ("EPR Inc."), Distribuidora El Regio, Inc.

---

[1] In its recitation of the facts, the Court accepts all well-pleaded facts in the Complaint as true, and views them in the light most favorable to Plaintiff. *See Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

("Distribuidora"), Ricardo Camarena, and Juan J. Bazaldua (collectively, "Defendants"). Plaintiff alleges he worked as a delivery driver and warehouse worker on behalf of all Defendants from approximately December 28, 2009, through September 25, 2015. Compl. ¶¶ 12, 17-18. In Count One of the Complaint, Plaintiff alleges that during that time he "worked an average of 60 hours a week and was paid an average hourly rate of $11.00 per hour but was not paid the extra half-time rate for any overtime hours worked above 40 hours as required by [29 U.S.C. § 207(a)(1)]." *Id.* ¶ 17. In Count Two, Plaintiff alleges Defendants failed to pay him any wages for hours worked from approximately September 7, 2015, through September 25, 2015, in violation of 29 U.S.C. § 206(a)(1). *Id.* ¶ 18. Plaintiff, on behalf of himself and others similarly situated, seeks back wages, liquidated damages, attorney's fees, and costs of court.

Five of the six Defendants, namely, EPR IP, EPR Mgt., EPR Inc., Camarena, and Bazaldua move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has failed to sufficiently allege that they were his employer for purposes of liability under the FLSA. In the alternative to dismissal, Defendants move for a more definite statement under Federal Rule of Civil Procedure 12(e).

## II.    RULE 12(B)(6) MOTION TO DISMISS

### A.    Legal Standard

To defeat a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*,

2

550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). The "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Twombly*, 550 U.S. at 555 (internal citations omitted).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it does require more than "'labels and conclusions.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Further, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

**B.   Analysis**

Defendants EPR IP, EPR Mgt., EPR Inc., Camarena, and Bazaldua move to dismiss the Complaint on the sole ground that Plaintiff has failed to sufficiently allege that they were his "joint employer" for purposes of liability under the FLSA. With regard to Defendant Distribuidora, Defendants concede that Plaintiff has alleged a FLSA claim "because that was, in fact, Plaintiff's employer[.]" Defs.' Br. 2 [Docket Entry #11]. In response, Plaintiff argues that his allegations are sufficient under Fifth Circuit law and the regulations promulgated by the Department of Labor ("DOL"); that Defendants ignore many of his allegations; and that Defendants acknowledged "that there is a close business relationship between the various entities" when they asserted that Plaintiff worked in the distribution center of a "Mexican food business." Pl.'s Resp. 6 [Docket Entry #12].

3

*1.     Employer Status under the FLSA*

Section 206 of the FLSA requires covered employers to pay their nonexempt employees a minimum wage. Section 207(a) of the FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of statutorily-defined regular hours. 29 U.S.C. § 207(a).

"To be bound by the requirements of the FLSA, one must be an 'employer.'" *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir. 1984) (citing 29 U.S.C. §§ 206-07). Under the FLSA, an employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "Person" is defined as an "individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." *Id.* § 203(a).

To determine whether an employer-employee relationship exists, courts in this circuit use an "economic reality" test, which looks to whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012) (citation and internal quotation marks omitted). "While each element need not be present in every case, finding employer status when none of the factors is present would make the test meaningless." *Id.* at 357. This test is ultimately a factual inquiry. *Aaron v. Leday*, 2013 WL 5936623, at *10 (S.D. Tex. Nov. 5, 2013).

The FLSA's definition of "employer" contemplates the possibility of multiple employers. Under DOL regulations, a joint employment relationship exists when:

> there is an arrangement between employers to share an employee's services; one employer is acting directly or indirectly in the interest of the other employer or

4

employers in relation to the employee; the employers are associated with one another, directly or indirectly, with respect to the employment of the employee because one employer controls, is controlled by, or is under common control with the other employer.

*Itzep v. Target Corp.*, 543 F. Supp. 2d 646, 652 (W.D. Tex. 2008) (citing 29 C.F.R. § 791.2(b)).

"In cases where there may be more than one employer, th[e] court 'must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four part test.'" *Gray*, 673 F.3d at 355 (quoting *Watson v. Groves*, 909 F.2d 1549, 1556 (5th Cir. 1990)). Those with operating control over employees may be individually liable for FLSA violations committed by the nominal employer. *Martin v. Spring Break #83 Prods., LLC*, 688 F.3d 247, 251 (5th Cir. 2012). Moreover, as the Fifth Circuit has stated, "[t]he remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications." *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014) (citation and internal quotation marks omitted).

      *2. Allegations as to Individual and Company Defendants*

Plaintiff alleges he worked as a delivery driver and warehouse worker on behalf of all Defendants. Compl. ¶¶ 12, 17-18. He alleges that Defendant Bazaldua is "a corporate officer, and/or owner, and/or manager" of Defendants EPR IP, EPR Mgt., EPR Inc., and Distribuidora (collectively, the "Defendant Companies"), and that he "ran the day-to-day operations of the Defendant Companies . . . and was responsible for paying Plaintiff's wages and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. § 203(d)." *Id.* ¶ 6. Plaintiff alleges that Defendant Camarena is "a corporate officer, and/or owner, and/or manager" of Defendant Distribuidora, and "ran the day-to-day operations of [Distribuidora] for the

relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. § 203(d)." *Id.* ¶ 7.

These factual allegations are sufficient under Section 203(d) of the FLSA and the economic reality test for the Court to draw a reasonable inference that Defendants Bazaldua and Camarena were Plaintiff's "employer" under the FLSA. *See* 29 U.S.C. § 203(d) (employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee."); *see also Itzep*, 543 F. Supp. 2d at 652 (quoting *Reich v. Circle C. Invs., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993), that the FLSA's definition of "employer" is "sufficiently broad to encompass an individual who, though lacking a possessory interest in the 'employer' corporation, effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees."). While Defendants are correct that the Complaint does not allege that either Bazaldua or Camarena possessed the ability to hire or fire employees, or maintained employment records, "a party need not establish each element [of the economic reality test] in every case." *Orozco*, 757 F.3d at 448 (citing *Gray*, 673 F.3d at 357). Plaintiff has alleged that each individual Defendant had control over the day-to-day operations of one or more of Defendant Companies, as well as control of his work and schedule, and, in the case of Defendant Bazaldua, his pay. These are sufficient alleged facts under the economic reality test for the Court to draw the reasonable inference that Camarena and Bazaldua were Plaintiff's joint employers under the FLSA.

As to the Defendant Companies, Plaintiff alleges that each was his "joint FLSA employer." Compl. ¶¶ 2-5. As Defendants correctly note, these allegations are too conclusory to state a plausible claim that the Defendant Companies were Plaintiff's joint employer. *See* Defs.' Br. 2. In response, Plaintiff contends that Defendants "ignore additional allegations in Plaintiffs' Complaint"

6

(Pl.'s Resp. 5), that make his allegations sufficient to withstand a motion to dismiss. The Court agrees.

Plaintiff alleges that EPR IP, EPR Mgt., and EPR Inc., as well as Defendant Distribuidora, are all under the common ownership and control of Defendant Bazaldua, and that Plaintiff performed work as a delivery driver and warehouse worker for the benefit of all the Defendants. *See* Compl. ¶¶ 6, 12. These allegations, while not highly detailed, are sufficient to fall within the parameters of 29 C.F.R. § 791.2(b), the DOL regulation which contemplates that an employee may work for multiple employers, and which addresses situations where there is an arrangement between employers to share an employee's services, and the employers are associated with one another, directly or indirectly, with respect to the employment of the employee because one employer controls, is controlled by, or is under common control with the other employer. *See* 29 C.F.R. § 791.2(b).

Without making a determination at this early stage in the litigation as to whether EPR IP, EPR Mgt., EPR Inc., Camarena, and Bazaldua are, in fact, Plaintiff's "joint employers" under the FLSA, the Court concludes that Plaintiff has alleged sufficient facts regarding joint employment to defeat Defendants' Motion to Dismiss. Accordingly, Defendants EPR IP, EPR Mgt., EPR Inc., Camarena, and Bazaldua's Motion to Dismiss for failure to state a claim is hereby **denied**.

### III.   RULE 12(E) MOTION FOR MORE DEFINITE STATEMENT

In the alternative to dismissal, Defendants seek a more definite statement under Federal Rule of Civil Procedure 12(e). Defendants argue that "Plaintiff's Complaint is not sufficiently specific[,]" and that Plaintiff "fails to identify any particulars about the entity that he actually worked for, the entity that actually paid him, what the relationship is between the various Corporate Defendants that

7

would make them liable to the Plaintiff under the FLSA, and how or why the Individual Defendants had any involvement whatsoever in Plaintiff's employment or his compensation." Defs.' Br. 7-8 [Docket Entry #11].

A motion for a more definite statement under Rule 12(e) is available where the pleading is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e). Motions for a more definite statement are generally disfavored. *Conceal City, L.L.C. v. Looper Law Enf't, LLC*, 917 F. Supp. 2d 611, 621 (N.D. Tex. 2013). Although a party may employ Rule 12(e) to enforce the minimum requirement of Rule 8's notice pleading, when defendants are complaining of matters that can be clarified and developed during discovery, rather than matters that impede their ability to form a responsive pleading, a motion for a more definite statement should not be granted. *Arista Records LLC v. Greubel,* 453 F. Supp. 2d 961, 972 (N.D. Tex. 2006) (citing *Mitchell v. E–Z Way Towers, Inc.,* 269 F.2d 126, 132 (5th Cir. 1959) (holding that Rule 12(e) is not to be used as a substitute for discovery)); *Conceal City*, 917 F. Supp. 2d at 621 (same).

The Complaint is not so vague and ambiguous that Defendants cannot reasonably prepare a response, and it gives fair notice to Defendants of the FLSA violations alleged. The issues raised by Defendants are those that can be clarified and developed during discovery, not ones that impede Defendants' ability to form a responsive pleading. Accordingly, Defendants' Motion for More Definite Statement is hereby **denied**.

**IV.   CONCLUSION**

For the reasons stated above, Defendants' Partial Motion to Dismiss is **DENIED**, and Defendants' alternative Motion for More Definite Statement is **DENIED**.

**SO ORDERED.**

July 11, 2016.

_____
**BARBARA M. G. LYNN
CHIEF JUDGE**