UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCISCO VELAZQUEZ, and all others similarly situated under 29 U.S.C. 216 (b), | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 3:15-cv-03170-M |
| EL POLLO REGIO IP, LLC, EL POLLO REGIO MANAGEMENT, LLC, EL POLLO REGIO, INC., DISTRIBUIDORA EL REGIO, INC., RICARDO CAMARENA and JUAN J. BAZALDUA, | § § § § § § § | |
| Defendants. | § | |

**APPENDIX OF EVIDENCE IN FURTHER SUPPORT OF DEFENDANTS'
EMERGENCY MOTION FOR PROTECTIVE ORDER QUASHING
PLAINTIFF'S NOTICE OF DEPOSITION OF JUAN BAZALDUA
AND BRIEF IN SUPPORT**

Defendants El Pollo Regio IP, LLC, El Pollo Regio Management, LLC, El Pollo

Regio, Inc., Distribuidora El Regio, Inc., Ricardo Camarena, and Juan J. Bazaldua hereby

files this Appendix of Evidence in Further Support of its Emergency Motion for Protective

Order Quashing Plaintiff's Notice of Deposition of Juan Bazaldua.

| Exhibit | Description | Page Numbers |
|---|---|---|
| | Declaration of Marcia N. Jackson | App. 1-2 |
| 1 | Plaintiff's Amended Notice of Deposition of Juan Bazaldua | App. 3-5 |
| 2 | Email Communication Between Counsel Regarding Juan Bazaldua's Deposition | App. 6-8 |
| 3 | Plaintiff's Objections and Responses to Defendants' First Set of Interrogatories | App. 9-13 |

| Exhibit | Description | Page Numbers |
|---------|-------------|--------------|
| 4 | Excerpts from the Oral Deposition of Deposition of Francisco Velazquez | App. 14-21 |
| 5 | Excerpts from the Oral Deposition of Deposition of Hector Rodriguez | App. 22-28 |
| 6 | Excerpts from the Oral Deposition of Deposition of Ricardo Camarena | App. 29-34 |

Respectfully Submitted,

*s/ Marcia N. Jackson*
Marcia N. Jackson
Texas State Bar No. 24008411
marcia.jackson@wickphillips.com
Jessica P. Toumani
Texas State Bar No. 24081974
jessica.toumani@wickphillips.com

**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Ave., Suite 100
Dallas, Texas 75204
Telephone: 214.692.6200
Facsimile: 214.692.6255

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

On May 17, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*s/ Marcia Jackson*
Marcia Jackson

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCISCO VELAZQUEZ, and all | § | |
| others similarly situated under | § | |
| 29 U.S.C. 216 (b), | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:15-cv-03170-M |
| | § | |
| EL POLLO REGIO IP, LLC, | § | |
| EL POLLO REGIO MANAGEMENT, LLC, | § | |
| EL POLLO REGIO, INC., | § | |
| DISTRIBUIDORA EL REGIO, INC., | § | |
| RICARDO CAMARENA, | § | |
| and JUAN J. BAZALDUA, | § | |
| | § | |
|     Defendants. | § | |

## DECLARATION OF MARCIA NELSON JACKSON

I, MARCIA NELSON JACKSON, hereby declare and state as follows:

1.    I am an attorney licensed to practice before this Court. I am a partner at Wick Phillips Gould & Martin LLP. I am one of the attorneys representing Defendants in this matter. The statements contained in this Declaration are based on my personal knowledge and, if called and sworn as a witness, I would and could testify competently thereto.

2.    Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff's Amended Notice of Deposition of Juan Bazaldua.

3.    Attached hereto as Exhibit 2 is a true and correct copy of an email communication, dated May 15-16, 2017, between counsel for the parties herein and reflecting discussions related to the deposition of Mr. Bazaldua.

4.    Attached hereto as Exhibit 3 is a true and correct copy of Plaintiff's Objections and Responses to Defendants' First Set of Interrogatories.

**DECLARATION OF MARCIA NELSON JACKSON**           **Page 1**

**App. 1**

5.      Attached hereto as Exhibit 4 are true and correct copies of excerpts from the deposition transcript of Francisco Velazquez.

6.      Attached hereto as Exhibit 5 are true and correct copies of excerpts from the deposition transcript of Hector Rodriguez.

7.      Attached hereto as Exhibit 6 are true and correct copies of excerpts from the deposition transcript of Ricardo Camarena.

8.      On May 22, 2017, I am scheduled to have a medical procedure performed at a surgery center in the DFW Metroplex which will render me unable to travel for a 24-hour period at a minimum.

9.      Mr. Bazaldua is also unavailable for a deposition on May 22, 2017.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of May 2017, in Dallas, Texas.

_____
Marcia Nelson Jackson

**DECLARATION OF MARCIA NELSON JACKSON**                    **Page 2**

**App. 2**

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCISCO VELAZQUEZ, and all others similarly situated under 29 U.S.C. 216 (b), Plaintiff, <br><br> v. <br><br> EL POLLO REGIO IP, LLC, EL POLLO REGIO MANAGEMENT, LLC, EL POLLO REGIO, INC., DISTRIBUIDORA EL REGIO, INC., RICARDO CAMARENA and JUAN J. BAZALDUA Defendants. | § § § § § § § § § § § § § § | Cause No. 3:15-cv-03170-M |

## AMENDED NOTICE OF DEPOSITION OF JUAN J. BAZALDUA

Andrew M. Gould
Marcia N. Jackson
Jessica P. Toumani
WICK PHILLIPS GOULD & MARTIN, LLP
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
Facsimile: 214.692.6255

Counsel:

Please take notice that on **May 22, 2017,  at the below specified time, at WICK PHILLIPS GOULD & MARTIN, LLP,** 7004 Bee Caves Rd. Bld 1, Suite 110, Austin, TX 78746, Plaintiff will take the Deposition of **Juan J. Bazaldua.**

*The deposition will be taken through a certified Spanish language interpreter.  Counsel will seek to recover all fees, costs, and expenses, at the end of the case,  for the cost of the deposition, travel for the interpreter, the fees of the interpreter, and fees of counsel (at a combined rate of $660 per hour) for travel to and attendance at the deposition.*


**11:00 AM  -  Defendant:  Juan J. Bazaldua**

Said deposition(s) will be upon oral examination, before an officer duly authorized by  law  to take depositions, and will continue from day to day until completed. The deposition(s) is/are being taken for purposes of discovery, for use at trial, or both or for such other purposes as are permitted under the applicable rules. The deposition may be recorded by videotape. The person so designated shall testify about matters known or reasonably available.

### Duces Tecum

Under Federal Rules of Civil Procedure 30(b)(2) and 34, each deponent listed above is requested to produce the following discoverable information at the deposition: Those documents and tangible things requested in any Requests for Production directed to, or listed in Disclosures made by Defendant(s), that have not previously been produced to Counsel for Plaintiff(s).

Respectfully submitted,

By:

Robert L. Manteuffel
Texas Bar No. 12957529
J.H. Zidell, P.C.
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:    972-233-2264
Fax:    972-386-7610
E-mail address: rlmanteuffel@sbcglobal.net
Counsel for the Plaintiff (s

### CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing was sent via Fax and U.S.P.S First Class Mail to the above named addressee(s) on this 12th day of May, 2017.

By:

Robert L. Manteuffel

<u>AMENDED NOTICE OF DEPOSITION OF JUAN J. BAZALDUA</u>        PAGE 2

**App. 5**

# EXHIBIT 2

**From:**          Robert Manteuffel
**To:**            Marcia Jackson; Jessica Toumani; Joshua Petersen; Robert Manteuffel; Rosa Nichols
**Subject:**       Fw: Bazaldua deposition
**Date:**          Tuesday, May 16, 2017 8:14:51 AM

Marcia:

Go ahead and file your motion. We'll let
the court sort it out. FYI we are closed for
Shavuot  5/31/17 and 6/1/17, and we have a
joint report due to Judge Lynn by 5/31/17,
so we will need to draft and file it well in advance
of sunset on the 30th.

Thanks,

Bob

Robert L. Manteuffel
Attorney & Counselor at Law

J.H. Zidell P.C.
Concourse Office Park
6310 LBJ Freeway, Suite 112
Dallas, Texas 75240

Tel: 972-233-2264
Fax: 972-386-7610
Email: rlmanteuffel@sbcglobal.net
If you cannot reach me by phone
please e-mail me and
I will return your call


----- Forwarded Message -----
**From:** Marcia Jackson <marcia.jackson@wickphillips.com>
**To:** Robert Manteuffel <rlmanteuffel@sbcglobal.net>
**Cc:** Jessica Toumani <jessica.toumani@wickphillips.com>
**Sent:** Monday, May 15, 2017 9:53 PM
**Subject:** Bazaldua deposition


Bob – I understand you have noticed the deposition of Mr. Bazaldua without first confirming availability.  I am undergoing a scheduled medical procedure on 5/22 and so we are not available for deposition.  Please let us know immediately whether you will withdraw your notice or whether we will need to involve the court.

With respect to the deposition of  Mr. Bazaldua generally, although I know that you alleged he was

**App. 7**

an "owner" of Distribuidora, all of the witnesses to date have consistently testified that Mr. Camarena was, and has always been, the only owner of Distribuidora.  Moreoever, there have been no witnesses (at least to my recollection, but correct me if I'm wrong) that indicated that Mr. Bazaldua had any interaction with your client or played any role in any relevant decisionmaking with respect to him.

Especially given the current demand, I'm just not sure that either side would benefit from investing the time and expense of traveling to Austin (or anywhere else) to depose Mr. Bazaldua.  Can you help me understand what specific information you are hoping to get from that deposition that you do not already have?  At this point, continuing to include him as a defendant seems more an effort to needlessly drive up fees and costs, and not an effort to obtain information truly relevant to this case.

Please let us know asap regarding the withdrawl of the deposition notice so that if necessary we can file a motion with the court.   Of course, we will ask for reimbursement of our fees and/or costs in pursuing same.


**Marcia Nelson Jackson**
**Partner** | Wick Phillips Gould & Martin, LLP
3131 McKinney Avenue | Suite 100 | Dallas, Texas 75204
**Direct:** 214.740.4024 | **Main:** 214.692.6200 | **Fax:** 214.692.6255



**App. 8**

# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **FRANCISCO VELAZQUEZ,** and all others similarly situated under 29 U.S.C. 216 (b),<br><br>    Plaintiff,<br><br>v.<br><br>**EL POLLO REGIO IP, LLC,**<br>**EL POLLO REGIO MANAGEMENT, LLC,**<br>**EL POLLO REGIO, INC.,**<br>**DISTRIBUIDORA EL REGIO, INC.,**<br>**RICARDO CAMARENA,**<br>and **JUAN J. BAZALDUA,**<br><br>    Defendants. | § § § § § § § § § § § § § § § § | Case No. 3:15-cv-03170-M |

## PLAINTIFF FRANCISCO VELAZQUEZ'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF FRANCISCO VELAZQUEZ

**TO:   Defendants, El Pollo Regio IP, LLC, El Pollo Regio Management, LLC, El Pollo Regio, Inc., Distribuidora El Regio, Inc., Ricardo Camarena, and Juan J. Bazaldua, by and through their attorneys of record, Andrew M. Gould, Marcia N. Jackson, and Jessica P. Toumani, WICK PHILLIPS GOULD & MARTIN, LLP, 3131 McKinney Ave., Suite 100, Dallas, Texas 75204, Facsimile: 214.692.6255**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Francisco Velazquez ("Velazquez" or "Plaintiff") serves these objections and responses to Defendants' First Set of Interrogatories to Plaintiff Francisco Velazquez, as follows:

### OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**   List each person, company, or entity for which you have worked or performed services during the Relevant Time Period, including:

     a.  the name of each person, company, or entity;
     b.  the time period in which you worked or performed services;
     c.  whether you were classified as an employee or an independent contractor;
     d.  your position or title; and
     e.  your compensation (i.e., hourly rate, yearly salary, or fee charged).

**PLAINTIFF FRANCISCO VELAZQUEZ'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF FRANCISCO VELAZQUEZ- Page 1**

**App. 10**

**ANSWER:**

    a. Distribuidora El Regio, Inc.
    b. December 28, 2009 until September 25, 2015
    c. I was classified as an Employee
    d. $1,200.00 every two weeks.

**INTERROGATORY NO. 2:**    Identify each person who assisted you with the preparation of your taxes during the Relevant Time Period.

**ANSWER:** FT Services, LLC

**INTERROGATORY NO. 3:**    For any services that Plaintiff performed for Defendants (or any of them) during the Relevant Time Period, provide:

    a. the time period when services were performed;
    b. his hourly pay rate;
    c. a list of duties performed;
    d. the number of hours that he worked per week; and
    e. the reason that he stopped providing services for Defendants (or any of them).

**ANSWER:**

    a. December 28, 2009 until September 25, 2015
    b. I was paid by salary
    c. I was a Driver
    d. I was working between 13 and 16 hours every day,  six days per week
    e. I left the company because the Defendants owed me my last week and refused to give me an explanation as to why I did not get paid for the last pay period of September of 2015.

**INTERROGATORY NO. 4:**    If you have ever gone by any other name, identify the name or names and the date(s) by when you were known by or used such name(s).

**ANSWER:**    None.

**INTERROGATORY NO. 5:**    Identify the documents that you contend reflect or demonstrate that you worked "an average of 60 hours a week" as alleged in the Complaint.

**ANSWER:**    My pay documents and time cards.

**PLAINTIFF FRANCISCO VELAZQUEZ'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF FRANCISCO VELAZQUEZ- Page 2**

**App. 11**

**INTERROGATORY NO. 6:**     Identify by name and contact information the individual(s) that you contend can corroborate your contention(s) in 17 and 18 of the Complaint that you worked "on average 60 hours a week."

**ANSWER:**   My supervisor Gilberto Marchant.


**INTERROGATORY NO. 7:**     State the facts that demonstrate that between September 7, 2015 and September 25, 2015, you provided services to the Defendant(s) (or any of them) but were not paid for it. Include in your answer the identity of the specific Defendant(s) (or any of them) that you provided such services to, the services you provided, and the identity of your supervisor(s).

**ANSWER:**   The defendants still owe me the payment for this time period for my work as a delivery driver for Distribuidora El Regio, Inc.  When I inquired about the non-payment, their answer was that they were changing the payroll system, but I did never receive my salary. My supervisor was Gilberto Marchant.


                              Respectfully submitted,

                    by:    /s/ Robert L. Manteuffel
                              Robert L. Manteuffel
                              Texas Bar No. 12957529
                              J.H. Zidell, P.C.
                              6310 LBJ Freeway, Ste. 112
                              Dallas, Texas 75240
                              Tel:    972-233-2264
                              Fax:   972-386-7610
                              E-mail address: rlmanteuffel@sbcglobal.net

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served via first class mail and facsimile, this 18th day of November, 2016, upon the counsel of record listed below:

Andrew M. Gould
Marcia N. Jackson
Jessica P. Toumani
WICK PHILLIPS GOULD & MARTIN, LLP
3131 McKinney Ave., Suite 100,
Dallas, Texas 75204
Facsimile: 214.692.6255

                              /s/ Robert L. Manteuffel
                              Robert L. Manteuffel

**STATE OF TEXAS**      §
**DALLAS COUNTY**      §

## <u>VERIFICATION</u>

Before me, the undersigned notary, on this day personally appeared Jesus Segovia , the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

"My name is Francisco Velazquez, I have read the foregoing interrogatory answers. The facts stated in it are within my personal knowledge and are true and correct."



Francisco Velazquez

**SWORN TO and SUBSCRIBED** before me by Francisco Velazquez on _Nov 18_, 20 _16_.

Notary Public in and for
the State of Texas

## <u>INTERPRETER'S AFFIRMATION:</u>

On _November 18, 2016_, Rosa Nichols, personally known to me, affirmed that the foregoing was translated for Jesus Segovia and that he fully understood and affirmed the contents of the foregoing.



Rosa Nichols

**SWORN TO and SUBSCRIBED** before me by Rosa Nichols on _November 18_, 20 _16_.

Notary Public in and for
the State of Texas

**PLAINTIFF FRANCISCO VELAZQUEZ'S OBJECTIONS AND RESPONSES TO DEFENDANTS'
FIRST SET OF INTERROGATORIES TO PLAINTIFF FRANCISCO VELAZQUEZ- Page 4**

**App. 13**

# EXHIBIT 4

Page 1

1               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
2                       DALLAS DIVISION
3    FRANCISCO VELAZQUEZ, and     (
     all others similarly         (
4    situated under               (
     29 U.S.C. 216(b)             (
5                                  (
         Plaintiff,                (
6                                  (
                                   (   Case No. 3:15-cv03170-M
7    EL POLLO REGIO IP, LLC,       (
     EL POLLO REGIO MANAGEMENT,    (
8    EL POLLO REGION, INC.,        (
     DISTRIBUIDORA EL REGIO,       (
9    INC., RICARDO CAMARENA,       (
     and JUAN J. BAZALDUA,         (
10                                 (
         Defendants.               (
11
12                   ORAL DEPOSITION
                          OF
13                FRANCISCO VELAZQUEZ
14              THROUGH AN INTERPRETER
                    MARCH 8, 2017
15
16              ORAL DEPOSITION OF FRANCISCO VELAZQUEZ,
17   a witness produced at the instance of the Defendants,
18   and duly sworn, was taken in the above styled and
19   numbered cause on the 8th day of March, 2017, before
20   Lyenda Johnston, CSR in and for the State of Texas,
21   reported by stenographic method, at the J.H. Zidell,
22   P.C. law firm, located at 6310 LBJ Freeway, Suite 112,
23   Dallas, Texas 75240, pursuant to the Federal Rules of
24   Civil Procedure and the provisions stated on the record
25   or attached hereto.

```
 1   A P P E A R A N C E S:
 2       For the Plaintiff:
 3           MR. Joshua A. Petersen
             J.H. Zidell, P.C.
 4           6310 LBJ Freeway, Suite 112
             Dallas, Texas 75240
 5
         For the Defendants:
 6
             Ms. Marcia N. Jackson
 7           Ms. Jessica P. Toumani
             Wick Phillips Gould & Martin, LLP
 8           3131 McKinney Avenue, Suite 100
             Dallas, Texas 75204
 9
10   Also present:    Mr. Hector Rodriguez
                      Ms. Holly Behl - Interpreter
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**App. 16**

1    Q.   And you don't have -- for example, do you

2    remember -- or let's go off the record real quick.

3                     THE REPORTER:   Off the record at

4    10:32 a.m.

5                     (Recess taken.)

6                     THE REPORTER:   Back on the record at

7    10:33 a.m.

8    Q.   (By Ms. Jackson)   Mr. Velazquez, did anyone

9    show you a copy of your lawsuit at any time?

10   A.   No.

11   Q.   Do you have -- outside from anything your

12   lawyers have told you, do you have any understanding of

13   who you are suing in this lawsuit?

14   A.   Yes.

15   Q.   Who do you think you're suing in this lawsuit?

16   A.   It's against Distribuidora Regio.

17   Q.   And that's the company that you worked for,

18   correct?

19   A.   Yes.

20                     MR. PETERSEN:   Object to the extent it

21   calls for a legal conclusion.   You can answer.

22   Q.   (By Ms. Jackson)   Your answer was yes,

23   correct?

24   A.   Yes.

25   Q.   That's the company that wrote you your

1     Q.   (By Ms. Jackson)   Have you ever met

2 Mr. Camarena?

3     A.   No.   I haven't met him.   It would just come,

4 and I don't have any dealings with him, nor does he

5 have any with me.

6     Q.   He never supervised you, correct?

7     A.   No.

8     Q.   He never told you that -- strike that.

9          Do you have any reason to believe that

10 he made any decisions about how the company was going

11 to pay you?

12          MR. PETERSEN:   Objection, calls for

13 speculation.   You can answer.

14     A.   No.

15     Q.   (By Ms. Jackson)   What about Juan Bazaldua?

16          MS. JACKSON:   Is that how you say it?

17          MR. RODRIGUEZ:   Yeah, Bazaldua.

18     A.   What do you mean?

19     Q.   (By Ms. Jackson)   Do you know Juan -- do you

20 know that person?

21     A.   I just know there was a person that was there

22 named Jorge.   Maybe his name was Juan, but I knew Jorge

23 Bazaldua.   That is all.

24     Q.   What did Jorge Bazaldua do at the company?

25     A.   Well, he was there.   He would go there.   They

1   also would say that he was the owner.  I don't know.

2        Q.   Did you ever speak with him?

3        A.   No.

4        Q.   When did you start working for Distribuidora?

5        A.   In December of 2009.

6        Q.   And from that point until 2015, you were paid

7   a salary, correct?

8        A.   Yes.

9        Q.   Did the amount of that salary change over

10  time?

11       A.   Yes, because I got raises.

12       Q.   And you were a delivery driver?

13       A.   Yes.

14       Q.   Where did you -- first of all, do you remember

15  the trucks, the kind of trucks that you drove to make

16  the deliveries?

17       A.   Yes.  They were one-axle trucks.  They were

18  16 -- I'm sorry, 26 feet, and there are some that are

19  smaller.

20       Q.   But which trucks -- what's the smallest

21  vehicle that you think you drove for the company?

22       A.   It was like 16 feet, around there.  I'm not

23  sure what they measured.

24       Q.   What type of truck were you driving in 2015

25  for the company?

1    A.   Yes.   They had to send somebody, because...

2    Q.   Okay.   Did either -- just to be clear, did

3  either Ricardo Camarena or Juan Bazaldua, did --

4  neither one of them set your work schedule, correct?

5    A.   Those people would go there, but they never

6  said anything to anybody.   They weren't the ones

7  saying, "This is wrong or this is a problem."

8                   The people that were leading

9  everything there were the people who were in there at

10  the distributor.

11    Q.   Okay.   So again, neither one of those men

12  controlled or set your work schedule, correct?

13                   MR. PETERSEN:   Again, objection, calls

14  for a legal conclusion.   You can answer.

15    A.   No, they didn't set the schedules.   They were

16  set by the people who were in charge of the

17  distributor.

18    Q.   (By Ms. Jackson)   And neither Ricardo nor Juan

19  decided how drivers would be paid, correct?

20                   MR. PETERSEN:   Objection, calls for

21  speculation.   You can answer.

22    Q.   (By Ms. Jackson)   Let me ask you, do you have

23  any reason to believe that either Ricardo or Juan made

24  the decision in terms of how to pay drivers?

25    A.   Well, I don't know, because they never

FRANCISCO VELAZQUEZ                                    52

1

2                          _Lyenda Johnston_
                          Lyenda Johnston, CSR
3                         Johnston Reporting, LLC
                          P.O. Box 1336
4                         Canton, Texas 75103
                          (214) 454-4572
5                         (972) 289-8069 fax
                          LJohnstonCSR@cs.com
6                         Certification No. 2919.
                          Firm No. 716
7

8
   Charge for the transcript and exhibits $_____.
9  To be paid by the Defendants.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT 5

Page 1

                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE NORTHERN DISTRICT OF TEXAS
                            DALLAS DIVISION

FRANCISCO VELAZQUEZ, and all      )
others similarly situated under   )
29 U.S.C. 216(b),                 )
Plaintiff,                        )
                                  )
VERSUS                            )Cause No. 3:15-cv-03170-M
                                  )
EL POLLO REGIO IP, LLC, EL POLLO  )
REGIO MANAGEMENT, LLC, EL POLLO   )
REGIO, INC., DISTRIBUIDORA EL     )
POLLO, INC., RICARDO CAMARENA and )
JUAN J. BAZALDUA                  )
Defendants.                       )

* * * * * * * * * * * * * * * * * * * * * * * * * * *

                     ORAL DEPOSITION OF

                      HECTOR RODRIGUEZ

                 CORPORATE REPRESENTATIVE FOR

                DISTRIBUIDORA EL REGIO, INC.

                      MARCH 22, 2017

* * * * * * * * * * * * * * * * * * * * * * * * * * *

        ORAL DEPOSITION OF HECTOR RODRIGUEZ, REPRESENTATIVE OF

DISTRIBUIDORA EL REGIO, INC., produced as a witness at the

instance of the Plaintiff, and duly sworn, was taken in the

above-styled and numbered cause on the 22nd day of March

2017, from 9:30 TO 1:24, before SHERRY L. BOEHMER, CSR in and

for the State of Texas, reported by stenographic method, at

the offices of Wick, Phillips, Gould & Martin, LLP, 3131

McKinney Avenue, Suite 100, Dallas, Texas, in accordance with

the Federal Rules of Civil Procedure.

VELAZQUEZ_ HECTOR RODRIGUEZ - DISTRIBUIDORA EL REGIO, INC. CORPORATE REPRESENTATIVE
3/22/2017

Page 2

1                     A P P E A R A N C E S

2

   FOR THE PLAINTIFF
3        Mr. Robert L. Manteuffel
         J. H. Zidell, P. C.
4        6310 LBJ Freeway
         Suite 112
5        Dallas, Texas  75240
         (972)233-2264
6        rlmanteuffel@sbcglobal.net

7  FOR THE DEFENDANTS
         Ms. Jessica P. Toumani
8        Wick, Phillips, Gould & Martin, LLP
         3131 McKinney Avenue
9        Suite 100
         Dallas, Texas  75204
10       (214)692-6255

11 FOR THE DEFENDANTS
         Ms. Marcia N. Jackson
12       Wick, Phillips, Gould & Martin, LLP
         3131 McKinney Avenue
13       Suite 100
         Dallas, Texas  75204
14       (214)692-6255

15

16

17

18

19

20

21

22

23

24

25

Page 11

 1    A.    No.

 2    Q.    Do you know who the current owner or owners of

 3 Distribuidora are?

 4    A.    Yes.

 5    Q.    And who is that?

 6    A.    Ricardo Camarena.

 7    Q.    Do you know if there have ever been any other

 8 owners of Distribuidora other than Ricardo Camarena from 2009

 9 until now?

10    A.    No.

11    Q.    That was kind of an odd question.  So let me ask

12 you this to make sure.  Is there anybody besides Ricardo

13 Camarena that you know that's ever been an owner of

14 Distribuidora?

15    A.    No.

16    Q.    Does Distribuidora currently have any officers

17 besides yourself, as the Chief Operating Officer?

18    A.    No.

19    Q.    Does Distribuidora have a president?

20    A.    No.

21    Q.    Does it have a vice president?

22    A.    No.

23    Q.    Secretary?

24    A.    No.

25    Q.    Has it ever had any people in those positions?

VELAZQUEZ_ HECTOR RODRIGUEZ - DISTRIBUIDORA EL REGIO, INC. CORPORATE REPRESENTATIVE
3/22/2017

Page 26

1    Distribuidora location where you have your desk?

2        A.    No.

3        Q.    Where did Eddie Reina work?

4        A.    2828 Forest Lane, Suite 1131, Dallas, Texas 75234.

5        Q.    Are there any other companies that are located

6    there that Eddie works with?

7        A.    No.

8        Q.    Okay.  So Eddie's office over on Forest Lane, so

9    you would send the cards over to him, and would he then

10   process the payroll?

11       A.    Correct.

12       Q.    And would he issue checks?

13       A.    Yes.

14       Q.    For Mr. Velazquez, do you know how he was paid?  By

15   that, I mean check to bank, individual check, cash, how was

16   he paid?

17       A.    A check coming out of the payroll system.

18       Q.    Do you know who signed those checks?

19       A.    I'm sorry.  Can you repeat the question?

20       Q.    Do you know who signed those checks?

21       A.    Who's selling those checks?

22       Q.    Who signed them?

23       A.    Ricardo Camarena.

24       Q.    So once the timecards would go over to Mr. Reina,

25   do you know if any adjustments were made to the time by him

Page 34

1    Q.   Okay.  Do you know what his original salary was?

2    A.   650.

3    Q.   When he first started working at Distribuidora, do

4    you know who set his schedule?

5    A.   When he started working for Distribuidora?

6    Q.   Yes, sir.

7    A.   Gilberto Merchant.

8    Q.   And did Gilberto Merchant set his -- set his

9    schedule the entire time that Gilberto was there?

10   A.   No.

11   Q.   Okay.  So I understand when he started, Gilberto

12   Merchant set his schedule.  So at some point, someone else

13   took over that function.  And who was that?

14   A.   Antonio Limongi.

15   Q.   Do you know when that happened?

16   A.   2014.

17   Q.   And so was Antonio Limongi responsible for setting

18   Mr. Velazquez's schedule from 2014 until Mr. Velazquez left?

19   A.   Yes.

20   Q.   I know when you started there at Distribuidora, the

21   company had a -- well, the policy was or the reality was that

22   everybody was on salary.  Did Distribuidora change its wage

23   an hour policy at some point after that?

24   A.   Yes.

25   Q.   Okay.  And when was that?

**App. 27**

Page 91

1        In witness whereof, I have hereunto set my hand and

2    affixed my CSR seal this _____ day of _____ 2__7.

3                        _____

4                        SHERRY L. BOEHMER, CSR #7387
                         CSR EXPIRATION DATE: 12/31/18

5                        HG LITIGATION SERVICES, L.P.
                         Firm No. Dallas: 69

6                        2777 N. Stemmons Freeway
                         Suite 1025

7                        Dallas, Texas  75207
                         (214) 521-1188

8                        (888) 656-DEPO
                         (214) 521-1034 fax

9

10   My Commission expires December 31, 2017

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**App. 28**

# EXHIBIT 6

Page 1

1              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF TEXAS
2                   DALLAS DIVISION

3   FRANCISCO VELAZQUEZ, and    §    **CERTIFIED**
    all others similarly        §    **TRANSCRIPT**
4   situated under              §
    29 U.S.C. 216 (b),          §
5   Plaintiff,                  §   Cause No.:
                                §   3:15-cv-03170-M
6   v.                          §
                                §
7   EL POLLO REGIO IP, LLC,     §
    EL POLLO REGIO MANAGEMENT,  §
8   LLC, EL POLLO REGIO, INC.,  §
    DISTRIBUIDORA EL REGIO,     §
9   INC., RICARDO CAMARENA and  §
    JUAN J. BAZALDUA,           §
10  Defendants.                 §

11         -----------------------------------

12              ORAL DEPOSITION OF

13              RICARDO CAMARENA

14              MARCH 27, 2017

15              VOLUME 1 OF 1

16         -----------------------------------

17      ORAL DEPOSITION OF RICARDO CAMARENA, produced as a

18   witness at the instance of the Plaintiff, and duly

19   sworn, was taken in the above-styled and numbered cause

20   on March 27, 2017, from 10:04 a.m. to 12:06 p.m., before

21   April R. Brunson, CSR in and for the State of Texas,

22   reported by machine shorthand, at the law offices of

23   Wick Phillips, L.L.P., 3131 McKinney Avenue, Suite 100,

24   Dallas, Texas, pursuant to the Federal Rules of Civil

25   Procedure.

VELAZQUEZ: RICHARD CAMARENA

Page 2

1                    A P P E A R A N C E S

2

3   FOR THE PLAINTIFF:
         Mr. Robert L. Manteuffel
4        Mr. Joshua A. Petersen
         J.H. ZIDELL, P.C.
5        6310 LBJ Freeway, Suite 112
         Dallas, Texas  75240
6        972.233.2264
         972.386.7610  (Fax)
7        rlmanteuffel@sbcglobal.net
         josh.a.petersen@gmail.com
8

9
    FOR THE DEFENDANTS:
10       Ms. Marcia Jackson
         Ms. Jessica Toumani
11       WICK PHILLIPS, L.L.P.
         3131 McKinney Avenue, Suite 100
12       Dallas, Texas  75204
         214.692.6200
13       214.692.6255  (Fax)
         marcia.jackson@wickphillips.com
14       jessica.toumain@wickphillips.com

15

16

17

18

19

20

21

22

23

24

25

VELAZQUEZ: RICHARD CAMARENA

Page 12

1      Q.   Are you an officer in the company?

2           MS. TOUMANI:  Objection, calls for a

3      legal conclusion.

4      Q.   (BY MR. MANTEUFFEL)  Okay.  So what is your

5      title, if you have one, with the company?

6      A.   I'm the owner of Distribuidora.

7      Q.   Does Distribuidora have any -- well, I'll

8      strike that question.

9           When did Distribuidora -- when was

10     Distribuidora started?

11          MS. TOUMANI:  Objection, vague and

12     ambiguous.

13     Q.   (BY MR. MANTEUFFEL)  When your lawyer makes an

14     objection, unless the attorney counsels you not to

15     answer the question, you can go ahead and answer it to

16     the best of your ability.

17     A.   I think it's 2009.

18     Q.   Okay.  And in 2009 -- was the corporation

19     started in 2009?

20          MS. TOUMANI:  Objection, calls for a

21     legal conclusion, vague and ambiguous.

22     Q.   (BY MR. MANTEUFFEL)  You can answer if you

23     know.

24     A.   Yes, it started, I think, in 2009, best of

25     my -- what I can remember.

VELAZQUEZ: RICHARD CAMARENA

Page 14

1                    MS. TOUMANI:  Objection, calls for a

2    legal conclusion.

3         A.   I am the director.

4         Q.   (BY MR. MANTEUFFEL)  Okay.  So it has one

5    director; is that right?

6         A.   I think I am, yes.

7         Q.   Okay.  I think I've already asked you, the

8    company doesn't have any officers like a president,

9    secretary, treasurer, vice president; is that accurate?

10                   MS. TOUMANI:  Objection, calls for a

11   legal conclusion; objection, asked and answered.

12        Q.   (BY MR. MANTEUFFEL)  Is that accurate?

13        A.   I don't know.

14        Q.   Is there anybody that's ever had any ownership

15   interest in the company, other than you?

16                   MS. TOUMANI:  Objection, vague and

17   ambiguous, calls for a legal conclusion.

18        A.   No.

19        Q.   (BY MR. MANTEUFFEL)  Distribuidora ever have

20   any investors?

21        A.   No.

22        Q.   When Distribuidora was first started, what was

23   the business address for the company?

24                   MS. TOUMANI:  Objection, vague and

25   ambiguous.

**hg**

VELAZQUEZ: RICHARD CAMARENA

Page 82

1      I further certify that I am neither counsel for,

2  related to, nor employed by any of the parties or

3  attorneys in the action in which this proceeding was

4  taken, and further that I am not financially or

5  otherwise interested in the outcome of the action.

6      Certified to by me this _____ day of

7  _____, 2017.

8

9

10  _____

11  April R. Brunson
    Texas CSR No. 7495
12  Expiration Date: 12/31/2017
    Firm No:  Dallas 69
    1-888-656-DEPO

13

14

15

16

17

18

19

20

21

22

23

24

25