IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCISCO VELAZQUEZ, and all others similarly situated under 29 U.S.C. 216 (b),<br><br>Plaintiff,<br><br>V.<br><br>EL POLLO REGIO IP, LLC, EL POLLO REGIO MANAGEMENT, LLC, EL POLLO REGIO, INC., DISTRIBUIDORA EL REGIO, INC., RICARDO CAMARENA, and JUAN J. BAZALDUA,,<br><br>Defendants. | § § § § § § § § § § § § § § § § § | No. 3:15-cv-3170-M |

**MEMORANDUM OPINION AND ORDER**

Defendants El Pollo Regio IP, LLC, El Pollo Regio Management, LLC, El Pollo Regio, Inc., Distribuidora El Regio, Inc., Ricardo Camarena, and Juan J. Bazaldua ("Mr. Bazaldua"; together, "Defendants") have filed an Emergency Motion for Protective Order Quashing Plaintiff's Notice of Deposition of Juan Bazaldua under Federal Rule of Civil Procedure 26(c)(1). *See* Dkt. No. 32 (the "MPO").

Chief Judge Barbara M. G. Lynn has referred the MPO to the undersigned United States magistrate judge for determination under 28 U.S.C. § 636(b). *See* Dkt. No. 35.

Plaintiff Francisco Velazquez filed a response, *see* Dkt. No. 39, and Defendants filed a reply, *see* Dkt. No. 43. The Court determines that a hearing or oral argument is not necessary.

For the reasons and to the extent explained below, the Court DENIES Defendants' Emergency Motion for Protective Order Quashing Plaintiff's Notice of Deposition of Juan Bazaldua [Dkt. No. 32].

**Background**

Mr. Velazquez has sued Defendants for violations of the Fair Labor Standards Act ("FLSA"). *See* Dkt. No. 1.

Defendants filed a Partial Motion to Dismiss and/or Alternatively, Motion for More Definite Statement. *See* Dkt. No. 11. The Court denied that motion, noting that "Defendants EPR IP, EPR Mgt., EPR Inc., Camarena, and Bazaldua move to dismiss the Complaint on the sole ground that Plaintiff has failed to sufficiently allege that they were his 'joint employer' for purposes of liability under the FLSA" and ruling, among other things, that Mr. Velazquez's factual allegations in his complaint "are sufficient under Section 203(d) of the FLSA and the economic reality test for the Court to draw a reasonable inference that Defendants Bazaldua and Camarena were Plaintiff's 'employer' under the FLSA." Dkt. No. 17 at 3, 6. The Court further explained that

> [w]hile Defendants are correct that the Complaint does not allege that either Bazaldua or Camarena possessed the ability to hire or fire employees, or maintained employment records, "a party need not establish each element [of the economic reality test] in every case." Plaintiff has alleged that each individual Defendant had control over the

> day-to-day operations of one or more of Defendant Companies, as well as control of his work and schedule, and, in the case of Defendant Bazaldua, his pay. These are sufficient alleged facts under the economic reality test for the Court to draw the reasonable inference that Camarena and Bazaldua were Plaintiff's joint employers under the FLSA.

*Id.* at 6 (citations omitted).

Mr. Velazquez noticed Mr. Bazaldua for a deposition on May 22, 2017 in Austin, Texas. *See* Dkt. No. 33 at 6-7 of 36. The parties dispute the circumstances behind the scheduling and noticing of this deposition, but the Court need not get into those matters because it has already ordered that "[a]ny requirement to comply with the deposition notice of Juan Bazaldua is stayed pending the Court's resolution of" the MPO. Dkt. No. 36.

The basis for Defendants' MPO still at issue lies in their assertions that, "[d]espite the fact that Plaintiff and indeed – all witnesses deposed to date – have confirmed that [Distribuidora El Regio, Inc.] was Plaintiff's only employer during the relevant period of time, Plaintiff has brought his claims against multiple entities and individuals, including Mr. Juan Bazaldua"; that "Plaintiff has sued Mr. Bazaldua as a 'joint employer' for alleged unpaid overtime and minimum wage under the [FLSA] with next to no facts or allegations as to how or why he supposedly has any connection whatsoever to this lawsuit, or to Plaintiff's employment"; that, "after four corporate representative depositions and three individual depositions (including Plaintiff's), there is no testimony to support this allegation or the claims that Mr. Bazaldua somehow controlled or 'ran the day-to-day operations' of [Distribuidora El Regio, Inc.], was responsible for paying Plaintiff's wages, and/or controlled his work and schedule"; and

that "there is no reasonable basis to believe that Mr. Bazaldua has any knowledge about Plaintiff's employment, or that he exercised any control over the decision making related thereto." Dkt. No. 32 at 2-4.

According to Defendants, "[i]n that Plaintiff is unwilling to even discuss alternate dates for Mr. Bazaldua's deposition, especially given that he has no knowledge of any fact relevant to the claims or defenses of any party to this case, Defendants are now forced to move for a protective order to quash Plaintiff's deposition notice. Plaintiff's attempt to subject Mr. Bazaldua to deposition – given the undisputed facts – can be seen as nothing other than an attempt to vexatiously increase the cost of this litigation, to unduly prejudice Defendants and is otherwise unduly burdensome and harassing." *Id.* at 4. Defendants invoke Rule 26(c)(1), contending that "[i]t is because of the potential for undue burden and expense that Defendants bring this Motion and seek the Court's assistance." *Id.* at 5. They argue that Mr. Bazaldua was improperly sued by Mr. Velazquez in the first instance, that Mr. Bazaldua should be dismissed from this case, and that there is no good faith basis to subject him to deposition at all because "[t]he discovery conducted in this case confirms that Mr. Bazaldua cannot be considered an employer of Plaintiff under the FLSA." *Id.* at 5, 6.

Defendants further assert that there is no reason to believe that Mr. Bazaldua has knowledge of relevant facts and that any testimony that he could arguably provide would be completely irrelevant or entirely duplicative at best. *See id.* at 6. According to Defendants,

> [d]espite having already deposed: (1) the corporate representative for all of the entities named as parties to the lawsuit; (2) [Distribuidora El Regio, Inc.'s] actual owner, Ricardo Camarena; and (3) [Distribuidora El Regio, Inc.'s] warehouse manager, Antonio Limongi, who directly oversaw Plaintiff's work during the relevant time period, Plaintiff now seeks the deposition of an individual defendant who was improperly named in the first place, and who, by all accounts, does not have any knowledge of facts relevant to Plaintiff's FLSA claims. Requiring Mr. Bazaldua to travel to Dallas for deposition and/or for attorneys from two Dallas law firms to travel to Austin for his deposition is not warranted here and will serve no purpose but to needlessly increase the cost of this litigation.
>
> What can Plaintiff possibly expect that Mr. Bazaldua will testify? That contrary to the entirety of witness testimony and documents produced he was some sort of "secret" owner of [Distribuidora El Regio, Inc.] that no one ever knew about? That he covertly made employment decisions regarding a delivery driver he never met or spoke to?
>
> It is no wonder that, despite reasonable inquiries by Defendants' counsel, Plaintiff has failed to justify the burden and inconvenience that would necessarily result from proceeding with this deposition. Mr. Bazaldua's deposition can only be viewed as a fishing expedition, the purpose of which is not discover facts, but rather to harass and to distract Defendants with unnecessary discovery. When discovery is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," the Court "must limit the frequency or extent of discovery." Fed. R. Civ. P. 26(c)(1). To the extent, if any, Plaintiff has a legitimate need for any additional and/or non-duplicative information from Mr. Bazaldua, he should be required to obtain it through less intrusive means.

*Id.* at 6-7.

Defendant ask the Court to "order that Mr. Bazaldua need not appear for deposition." *Id.* at 7.

Mr. Velazquez responds that, under Federal Rule of Civil Procedure 26(b)(2)(C)(i), "requiring Mr. Bazaldua, a named defendant, to appear for deposition in this case will not impose an undue burden or expense and his testimony is not

unreasonably cumulative or duplicative, nor can it be obtained from some other source." Dkt. No. 39 at 3.

Mr. Velazquez contends that, where Defendants "argue that Mr. Bazaldua was improperly identified as a Defendant in this case," "[t]he Court has already addressed this issue and denied Defendants' motion to dismiss on July 11, 2016." *Id.*

Mr. Velazquez further responds that, although "Defendants contend that there is no evidence in this case to support a finding that Mr. Bazaldua is Plaintiff's employer as defined by the FLSA," "Defendants acknowledged that Distribudora El Regio, Inc. is the distribution branch of a larger 'Mexican food business'" and that "deposition testimony to date shows that Mr. Bazaldua has a significant presence in the operations of the El Pollo Regio 'Mexican food business.'" *Id.* at 3, 5.

Mr. Velazquez argues that, while "Defendants would have Plaintiff speculate as to what Mr. Bazaldua will know," "[t]he only person who can testify as to what Mr. Bazaldua actually knows is Mr. Bazaldua himself" and that "Defendants have cited to no authority for the proposition that it is improper to notice a named defendant to appear for deposition," where, "[w]ithout Mr. Bazaldua's testimony, it will be impossible for any party to prove definitively what Mr. Bazaldua does or does not know about the facts related to this case." *Id.* at 5.

Mr. Velazquez further contends that he

> is aware of no "less intrusive means," and Defendants have identified none, to obtain the testimony of a party than a deposition. Defendants' last position on this issue was that Mr. Bazaldua's deposition still needed to be scheduled and that he would need to be deposed near his place of residence. Plaintiff attempted to work with Defendants to schedule Mr.

> Bazaldua's deposition at a mutually agreeable time and place, but Defendants failed to respond to Plaintiff's inquiries with any proposed dates. Faced with this complete non-response, Plaintiff noticed the deposition of Mr. Bazaldua in Austin based upon Defendants' earlier representations. Plaintiff would note that Mr. Bazaldua, as a party, is required to appear for deposition after being served with a proper notice. *See* FED. R. CIV. P. 37(d)(1)(A)(i). Even if a subpoena was required, Mr. Bazaldua, as a party, may be commanded to appear for his deposition at any place within the state where he resides, is employed, or regularly transacts business in person. FED. R. CIV. P. 45(c)(1)(B)(i). Therefore, Plaintiff was not required to notice Mr. Bazaldua for deposition in Austin and did so only based upon Defendants' earlier representations that it would apparently be better for Mr. Bazaldua to be deposed in Austin.

*Id.* at 5-6 (citations omitted).

And, because Mr. Velazquez "has been requesting deposition dates for Mr. Bazaldua since October 19, 2016 and to date Defendants have refused to provide any proposed dates for Mr. Bazaldua's deposition, Plaintiff respectfully requests that as part of the order denying Defendants' Motion to Quash, Defendants be ordered to provide dates for Mr. Bazaldua's deposition. Given the voluminous objections made by Defendants to Plaintiff's discovery requests and during the depositions given by Defendants or their employees so far and Defendants' concerns about the cost of attending a deposition in Austin, Plaintiff also respectfully requests that the order denying Defendants' Motion to Quash provide that the deposition of Mr. Bazaldua be conducted in a courtroom or conference room at the Earle Cabell Federal Building in Dallas, Texas." *Id.* at 6-7.

In reply, Defendants again contend that, based on the discovery conducted by Mr. Velazquez to date, it is no longer plausible that he can establish an employer-employee relationship exists between him and Mr. Bazaldua and that the

-7-

only purpose to depose Mr. Bazaldua at this time is for purposes of harassment. *See* Dkt. No. 42 at 3. Defendants contend that, while Mr. Velazquez "was not required to satisfy [the economic reality test] at the pleadings stage, the analysis is different at this point in the litigation because, based on the testimony of numerous witnesses, it is no longer plausible that Plaintiff will eventually be able to show that Mr. Bazaldua satisfies the standard." *Id.* at 5.

Citing *Landry v. Air Line Pilots Association International AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990), *opinion modified on denial of reh'g* (Apr. 27, 1990), Defendants assert that "[t]he fact that a deponent is a named party does not automatically establish the necessity of his or her deposition" and that, "[i]nstead, upon motion by a party from whom discovery is sought, and for good cause shown, a district court is authorized 'to make any order which justice requires' to protect a party 'from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* at 5-6 (quoting FED. R. CIV. P. 26(c)(1)). According to Defendants, "permitting Plaintiff to depose Mr. Bazaldua solely because he is a named Defendant would not comport with Rule 26 because it would it would be unduly burdensome and harassing to Mr. Bazaldua, and would improperly reward Plaintiff for suing an individual who had no direct involvement in any decisions affecting him." *Id.* at 6.

Defendants contend that Mr. Velazquez's "blanket assertion that '[w]ithout Mr. Bazaldua's testimony, it will be impossible for any party to prove definitively what [he] does or does not know about the facts related to this case' does not meet Plaintiff's threshold burden to establish, among other things, that Mr. Bazaldua's deposition

would not be unreasonably cumulative or that the same testimony cannot be obtained from another source that is more convenient and less burdensome or expensive" and that, "[b]ased on the undisputed facts already before the court, as a matter of law, Mr. Bazaldua cannot be found to be Plaintiff's employer for purposes of FLSA liability." *Id.* Defendants conclude that "'[d]iscovery is not justified when cost and inconvenience will be its sole result,' which would be the case here." *Id.* (quoting *Landry*, 901 F.2d at 436).

But Defendants alternatively contend that, if the Court determines that Mr. Bazaldua's deposition is justified, his deposition should be held in Austin, Texas, the district of Mr. Bazaldua's residence, at a mutually agreeable date and time. *See id.* at 7. And Defendants assert that Mr. Velazquez's "request that Mr. Bazaldua's deposition be conducted in a courtroom or conference room at the Earle Cabell Federal Building due to 'voluminous objections' made throughout discovery by defense counsel is [] unfounded." *Id.*

**Legal Standards**

Under Federal Rule of Civil Procedure 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l,* 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted); *see also E.E.O.C. v. BDO USA, L.L.P.*, ___ F.3d ___, No. 16-20314, 2017 WL 1746035, at *7 (5th Cir. May 4, 2017), as revised (May 8, 2017). A

protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir. 1985). "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).

Federal Rule of Civil Procedure Rules 26(b) and 26(c) has been amended, effective December 1, 2015. The amendments to Rule 26 govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, in all proceedings then pending. The Court finds that applying the standards of Rule 26, as amended, to the MPO is both just and practicable.

As amended, Rule 26(c)(1) authorizes protective orders, for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed

or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs." FED. R. CIV. P. 26(c)(1).

For the reasons that the Court has previously explained, the amendments to Rule 26 do not alter the burdens imposed on the party resisting discovery discussed above. *See Carr v. State Farm Mutual Automobile Insurance Company*, 312 F.R.D. 459, 463-69 (N.D. Tex. 2015). Rather, just as was the case before the December 1, 2015 amendments, under Rules 26(b)(1) and 26(b)(2)(C)(iii), a court can – and must – limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit – and the court must do so even in the absence of a motion. *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). As amended, Rule 26(b)(2)(C) provides that, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C).

Rule 26(b)(1), as amended, provides that, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

Federal Rule of Civil Procedure 26(c)(3) provides that, in connection with a motion under Rule 26(c) for a protective order, Federal Rule of Civil Procedure "37(a)(5) applies to the award of expenses." FED. R. CIV. P. 26(c)(3).

**Discussion**

Whatever any other witness may have testified to date, Mr. Bazaldua's testimony regarding the factual allegations against him is relevant to Mr. Velazquez's claim against him and proportional to the needs of the case. The Court has already determined that Mr. Velazquez's factual allegations in his complaint "are sufficient under Section 203(d) of the FLSA and the economic reality test for the Court to draw a reasonable inference that [Mr. Bazaldua was] Plaintiff's 'employer' under the FLSA." Dkt. No. 17 at 6. Mr. Bazaldua's testimony is important to resolving his alleged liability under the FLSA as a joint employer, and there appears to be little dispute as to the importance of the joint employer liability issues at stake in this action. Further,

Mr. Velazquez does not otherwise have access to Mr. Bazaldua's own testimony regarding matters directly relevant to the claims against him.

Defendants assert that the basic expense of preparing for, traveling to, and participating in Mr. Bazaldua's deposition outweighs its likely benefit. But – particularly where the Court has already ruled that the joint employer allegations against Mr. Bazaldua survive dismissal under Federal Rule of Civil Procedure 12(b)(6) – taking the deposition of this named defendant is not unduly burdensome or expensive.

The parties dispute what the deposition testimony to date shows regarding Mr. Bazaldua, but, even if Defendants' assessment is correct, if Mr. Bazaldua's testifies differently than other witnesses have, it would not be the first time that a deposition taken late in discovery revealed unexpected testimony. And, although Mr. Bazaldua's testimony may only support Defendants' view on the merits, Mr. Velazquez is entitled here to seek it directly from this named defendant – as to whom Mr. Velazquez's claim has already survived a motion to dismiss – and confirm what he does or does not know about the facts related to this case. That testimony cannot be obtained from some other source that is more convenient, less burdensome, or less expensive. And a deposition to take that testimony is not a fishing expedition.

There may be instances in which it is appropriate, under all the circumstances, to preclude a party from deposing another named party, as the Fifth Circuit found in *Landry*. But this is not one of them. Unlike *Landry*, the MPO is not a request to preclude discovery based on a pending summary judgment motion as to which further

deposition testimony, even from a named party, could not make a difference as a matter of law. Here, Mr. Bazaldua's potential liability as a joint employer depends on the multi-factor, fact-intensive economic reality test. This is not a case in which – whatever Defendants may believe about the current balance of discovered facts – any facts that Mr. Bazaldua may be able to testify to are all categorically and legally irrelevant to resolving the merits of Mr. Velazquez's claim against him.

That Defendants still believe that the claims against Mr. Bazaldua should be dismissed is not a valid reason to deny Mr. Velazquez a chance to take his deposition. To the extent that Defendants' MPO asks the Court to determine that, on the basis of the discovered information to date, Mr. Velazquez's claims against Mr. Bazaldua should be dismissed on the merits, that is the stuff not of a Rule 26 motion but rather of a Federal Rule of Civil Procedure 56 motion for summary judgment – which, unlike in *Landry*, has not been filed here before Mr. Velazquez noticed Mr. Bazaldua's deposition. The Court will not prematurely assess the balance of the evidence on the merits of Mr. Velazquez's claim against Mr. Bazaldua and will not credit Defendants' assessment to cut off Mr. Velazquez from seeking relevant evidence from this named party before discovery has closed and any summary judgment motion has been filed. A party cannot refuse to engage in – and, here, should not be excused from being subjected to – discovery simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail. *See Heller v. City of Dallas*, 303 F.R.D. 466, 489 (N.D. Tex. 2014) (citing *Third Pentacle, LLC v. Interactive Life Forms, LLC*, No. 3:10cv00238, 2012 WL 27473, at *3 (S.D. Ohio Jan. 5, 2012) (even if

a party "presently holds a strong belief in the merits of [the party's] litigation positions, [the party's] strong belief – whether ultimately justified or not – provides no basis for avoiding [the party's] discovery obligations created by the Federal Rules of Civil Procedure")). A plaintiff generally would be no more justified in seeking to avoid being deposed about his claims simply because he believed that the discovery taken to date showed that he will win.

Under Rules 26(b)(2)(C) and 26(c)(1), Mr. Velazquez's effort to take Mr. Bazaldua's deposition testimony is proper and is not an attempt to vexatiously increase the cost of this litigation, is not either unreasonably cumulative or duplicative, and is not an improper attempt to harass, annoy, or oppress Mr. Bazaldua or his co-defendants or to distract or unduly prejudice Defendants with unnecessary discovery. That Mr. Bazaldua may prefer not to be deposed – as he likely would have preferred not to have been sued – does not make Mr. Velazquez's seeking his deposition unduly intrusive.

But Mr. Velazquez has not shown a sufficient need for Mr. Bazaldua to be deposed at the federal courthouse in Dallas, and the Court does not understand Defendants to contend that Mr. Bazaldua should not be deposed in Austin, as opposed to Dallas. Rather, Defendants' MPO consistently urges that Mr. Bazaldua should not be deposed at all but, as Defendants made clear in their reply, that any deposition should take place in Austin at a mutually agreeable date and time.

Under Rules 26(c)(3) and 37(a)(5), if a motion for protective order is denied and the requested discovery is provided after the motion was filed, the Court "must, after

-15-

giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," "[b]ut the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust," and, "[i]f the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 26(c)(3), 37(a)(5)(B)-(C).

The Court will grant Defendants until **June 7, 2017** to file a response explaining why the Court should not enter an order requiring them to pay Mr. Velazquez, as required by Rules 26(c)(3) and 37(a)(5), the expenses, including attorneys' fees, that he incurred in responding to Defendants' Emergency Motion for Protective Order Quashing Plaintiff's Notice of Deposition of Juan Bazaldua [Dkt. No. 32].

Mr. Velazquez may file a reply in support of an award of expenses under Rules 26(c)(3) and 37(a)(5) by **June 21, 2017**.

**Conclusion**

For the reasons and to the extent explained above, the Court DENIES Defendants' Emergency Motion for Protective Order Quashing Plaintiff's Notice of Deposition of Juan Bazaldua [Dkt. No. 32]. Defendant Juan J. Bazaldua must appear for his deposition at Defendants' counsel's office in Austin, Texas at a mutually agreeable date and time no later than **June 23, 2017**.

SO ORDERED.

DATED: May 25, 2017

                                              _____
                                              DAVID L. HORAN
                                              UNITED STATES MAGISTRATE JUDGE