# FIRST AMENDED COMPLAINT UNDER 29 U.S.C. §§ 201- 216 OVERTIME AND MINIMUM WAGE VIOLATIONS

## Exhibit A – Redlined Version of Complaint

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **FRANCISCO VELAZQUEZ, and all others similarly situated under 29 U.S.C. 216 (b), Plaintiff,** § § § § § | | |
| **v.** § § | Cause No. 3:15-cv-03170-M | |
| **EL POLLO REGIO IP, LLC, EL POLLO REGIO MANAGEMENT, LLC, EL POLLO REGIO, INC., DISTRIBUIDORA EL REGIO, INC., EL POLLO REGIO FRANCHISING, LLC, EL POLLO REGIO HOLDINGS, LP, EL POLLO REGIO HOLDINGS GP, LLC, RICARDO CAMARENA and JUAN J. BAZALDUA Defendants.** § § § § § § § § § § | | |

**FIRST AMENDED COMPLAINT UNDER 29 U.S.C. §§ 201- 216
OVERTIME
AND MINIMUM WAGE VIOLATIONS**

Plaintiff, FRANCISCO VELAZQUEZ, on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, files this First Amended Complaint against Defendants EL POLLO REGIO IP, LLC, EL POLLO REGIO MANAGEMENT, LLC, EL POLLO REGIO, INC., DISTRIBUIDORA EL REGIO, INC., EL POLLO REGIO FRANCHISING, LLC, EL POLLO REGIO HOLDINGS, LP, EL POLLO REGIO HOLDINGS GP, LLC, RICARDO CAMARENA and JUAN J. BAZALDUA and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Defendant EL POLLO REGIO IP, LLC is a company that regularly transacts business within Dallas County. Upon information and belief, the defendant company was the joint FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

3. The Defendant EL POLLO REGIO MANAGEMENT, LLC is a company that regularly transacts business within Dallas County. Upon information and belief, the defendant company was the joint FLSA employer for Plaintiff during the relevant time period.

4. The Defendant EL POLLO REGIO INC. is a corporation that regularly transacts business within Dallas County. Upon information and belief, the defendant corporation was the joint FLSA employer for Plaintiff during the relevant time period.

5. The Defendant DISTRIBUIDORA EL REGIO, INC. is a corporation that regularly transacts business within Dallas County. Upon information and belief, the defendant corporation was the joint FLSA employer for Plaintiff during the relevant time period.

6. The Defendant EL POLLO REGIO FRANCHISING, LLC is a company that regularly transacts business within Dallas County. Upon information and belief, the defendant company was the joint FLSA employer for Plaintiff during the relevant time period.

7. The Defendant EL POLLO REGIO HOLDINGS, LP is a company that regularly transacts business within Dallas County. Upon information and belief, the defendant company was the joint FLSA employer for Plaintiff during the relevant time period.

8. The Defendant EL POLLO REGIO HOLDINGS GP, LLC is a company that regularly transacts business within Dallas County. Upon information and belief, the defendant company was the joint FLSA employer for Plaintiff during the relevant time period.

6.9. The individual Defendant JUAN J. BAZALDUA is a corporate officer and/or owner and/or manager of one or more of EL POLLO REGIO IP, LLC, EL POLLO REGIO MANAGEMENT, LLC, EL POLLO REGIO, INC., DISTRIBUIDORA EL REGIO, INC., EL POLLO REGIO FRANCHISING, LLC, EL POLLO REGIO HOLDINGS, LP, EL POLLO REGIO HOLDINGS GP, LLC (collectively, the "Defendant Companies") who ran

the day-to-day operations of the Defendant Companies for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. § 203(d).

7.10.  The individual Defendant RICARDO CAMARENA is a corporate officer and/or owner and/or manager of DISTRIBUIDORA EL REGIO, INC. who ran the day-to-day operations of DISTRIBUIDORA EL REGIO, INC. for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. § 203(d).

8.11.  Acts or omissions giving rise to this dispute took place in the Northern District of Texas.

**COUNT I. FEDERAL OVERTIME WAGE VIOLATION**

9.12.  This action arises under the laws of the United States. This case is brought as a collective action under 29 U.S.C. § 216(B). It is believed that the Defendants have employed other similarly situated employees like the Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

10.13.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

11.14.  29 U.S.C. § 207(a)(1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

12.15.  Plaintiff, FRANCISCO VELAZQUEZ, worked for Defendants as a delivery driver and warehouse worker from on or about December 28, 2009 through on or about September 25,

2015.

~~13.~~16. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff handled and/or used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

~~14.~~17. Upon information and belief, the Defendant Companies had gross sales or business done, individually and/or collectively as part of the joint enterprise described in paragraph 20 below, in excess of $500,000 annually for the years 2009, 2010, 2011, 2012, 2013, and 2014.

~~15.~~18. Upon information and belief, the Defendant Companies' sales or business done, individually and/or collectively as part of the joint enterprise described in paragraph 20 below, is expected to exceed $500,000 for the year 2015.

~~16.~~19. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' businesses an enterprise covered under the Fair Labor Standards Act.

20. Upon information and belief, Defendants EL POLLO REGIO IP, LLC, EL POLLO REGIO MANAGEMENT, LLC, EL POLLO REGIO, INC., DISTRIBUIDORA EL REGIO, INC., EL POLLO REGIO FRANCHISING, LLC, EL POLLO REGIO HOLDINGS, LP, EL

POLLO REGIO HOLDINGS GP, LLC are part of a joint enterprise as defined by 29 U.S.C. § 203(r) as the related activities between the various businesses, performed through unified operation and/or common control, are being done for a common business purpose. These entities are involved in various aspects of the "El Pollo Regio" branded Mexican food business; including, e.g., distribution, restaurant operations, and franchising. This enterprise is believed to include a number of other business entities, including but not limited to: RCNC Investments LLC, Camo Investments, LLC, RDMEPR LLC, and Bodi Restaurants LLC.

21. From on or about December 28, 2009 through on or about ~~September 6~~February, 2015, Plaintiff, FRANCISCO VELAZQUEZ, worked an average of 60 hours a week and was paid a lump sum salary resulting in an average effective hourly rate of $11.00 per hour but was not paid the extra half-time rate for any overtime hours worked above 40 hours as required by the Fair Labor Standards Act. Plaintiff therefore claims the half-time overtime rate for each overtime hour worked.

~~17.~~22. From on or about February, 2015 through on or about September 6, 2015, Plaintiff, FRANCISCO VELAZQUEZ, worked an average of 45 hours a week, except for a period during which Plaintiff was on leave and received vacation pay, and was paid a lump sum salary resulting in an average effective hourly rate of $13.00 per hour but was not paid the extra half-time rate for any overtime hours worked above 40 hours as required by the Fair Labor Standards Act. Plaintiff therefore claims the half-time overtime rate for each overtime hour worked.

~~18.~~23. From on or about September 7, 2015 through on or about September 25, 2015, Plaintiff, FRANCISCO VELAZQUEZ, worked ~~an average of 60~~at least 2.65 hours ~~a week~~of overtime and was paid nothing at all for any of the hours he worked~~.~~ until after this lawsuit was filed in

<u>violation of the Fair Labor Standards Act.</u>  Plaintiff therefore claims ~~the half-time overtime rate for each overtime hour worked above 40 hours~~<u>damages</u> as ~~required~~<u>allowed</u> by the Fair Labor Standards Act ~~based on either the Federal Minimum Wage of $7.25 per hour or his regular average wage of $11.00 per hour~~<u>for each overtime hour worked</u>.

~~19.~~<u>24.</u> Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from Defendants, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

**COUNT II. FEDERAL MINIMUM WAGE VIOLATION**

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-~~19~~<u>24</u> above and further states:

~~20.~~<u>25.</u>  29 U.S.C. § 206(a)(1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206(a)(1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

21.26.  From on or about September 7, 2015 through on or about September 25, 2015, Plaintiff was paid nothing at all for any of the hours he worked, until after this lawsuit was filed.  Said failure to timely pay wages is in violation of the Fair Labor Standards Act as said payment did not timely meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims the difference between the amount paid to Plaintiff and the applicable Federal Minimum Wage for each hour worked during approximately the last two weeks of Plaintiff's employment with Defendantsdamages as allowed by the Fair Labor Standards Act for each hour worked but for which he was not timely paid.

22.27.  Defendants willfully and intentionally refused to timely pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remainsremain owing Plaintiff damages for these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owingnot timely paid from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act --whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

Respectfully submitted,

By: /s/ Robert Manteuffel
J.H. Zidell, Esq.
Texas Bar No.: 24071840
Email: zabogado@aol.com
Robert L. Manteuffel
State Bar No. 12957529
Email: rlmanteuffel@sbcglobal.net
Joshua A. Petersen
Texas Bar No. 24085524
Email: josh.a.petersen@gmail.com

**J.H. ZIDELL, P.C.**
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:   (972) 233-2264
Fax:   (972) 386-7610

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of the United States District Court for the Northern District of Texas, Dallas Division this 5th day of June, 2017.

s/ Joshua A. Petersen
Joshua A. Petersen
Counsel for the Plaintiff(s)